MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
VICTORIO ROMANO, VICENTE PABLO, JORGE
CAISANO, and EDUARDO VASQUEZ, *individually
and on behalf of others similarly situated*,

                              *Plaintiffs*,

               -against-

BASILEX FOOD CORP. d/b/a Fresh Basil's Trattoria
and CHRIS KATOS,

                              *Defendants*.
-----------------------------------------------------------------X

**07 CV 7011**

**FIRST AMENDED COMPLAINT**

      Plaintiffs Victorio Romano, Vicente Pablo, Jorge Caisano, and Eduardo Vasquez, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

## NATURE OF THE ACTION

      1.      Plaintiffs are former employees of Basilex Food Corporation and Chris Katos (collectively referred to as "Defendants").

      2.      Defendant Basilex Food Corp. ("Fresh Basil") by and through its owner, operates an Italian restaurant named Fresh Basil's Trattoria located at 663 Lexington Avenue, New York, New York 10022.

3.      Defendant Fresh Basil is owned and operated by individual Chris Katos ("Defendant Katos").

4.      Defendants maintain a policy and practice of requiring Plaintiffs and other delivery boys to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.  Plaintiffs now bring this action, on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq*., and the spread of hours and overtime wage orders of the New York Commissioner of Labor ( "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.)

5.      For at least six years prior to the filing of this action – the statute of limitations under the New York State Labor Law – continuing to the present, Defendants have maintained a policy and practice of unlawfully appropriating part of Plaintiffs' and other delivery employees' tips and made unlawful deductions from Plaintiffs' and other delivery employees' wages.

6.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

8.  Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

9.  Plaintiff Victorio Romano ("Plaintiff Romano") is an adult individual residing in Bronx County, New York. Plaintiff Romano worked for Defendants from approximately January 28, 2005 through April 25, 2007. During his employment with Defendants, Plaintiff Romano worked from 6 a.m. to 5 p.m., five days a week, for typically 55 hours per week. Plaintiff Romano received a weekly salary of $270.00 in cash.

10. Plaintiff Vicente Pablo ("Plaintiff Pablo") is an adult individual residing in Queens County, New York. Plaintiff Pablo has been employed by the Defendants as a delivery boy from approximately July 2005 through the present. From approximately July 2005 through March 2007, Plaintiff Pablo worked from 9 a.m. to 9 p.m., six days a week, for typically 72 hours per week. In approximately April 2007, Plaintiff Pablo schedule was reduced to 9 a.m. to 9 p.m., 5 days a week, for typically 60 hours per week.

11. Plaintiff Jorge Caisano ("Plaintiff Caisano") is an adult individual residing in Bronx County, New York. Plaintiff Caisano has been employed by the Defendants as a delivery boy from approximately May 2005 to the present. During his employment with Defendants, Plaintiff Caisano regularly worked 9 a.m. to 9 p.m., six days a week, for typically 72 hours per week. In approximately April 2007, Plaintiff Caisano's schedule was reduced to 9 a.m. to 9 p.m., five days a week, for typically 60 hours per week.

12. Plaintiff Eduardo Vasquez ("Plaintiff Vasquez") is an adult individual residing in Bronx County, New York. Plaintiff Vasquez was employed by the Defendants as a delivery boy from approximately May 9, 2003 to July 7, 2007. From approximately May 2003 through November 2004, Plaintiff Vasquez worked from 6 a.m. to 9 p.m., six days a week, and received a weekly salary of $278.00. From approximately December 2004 through March 2007, Plaintiff Vasquez worked from 9 a.m. to 9 p.m., six days a week, for typically 72 hours per week. In approximately April 2007, Plaintiff Vasquez's work schedule was reduced to 9 a.m. to 9 p.m., five days a week, for typically 60 hours per week.

*Defendants*

13. Upon information and belief, Basilex Food Corp. is a domestic corporation organized and existing under the laws of the State of New York.

14. Defendant Fresh Basil maintains its corporate headquarters at 663 Lexington Avenue, New York, New York, 10022, conducting business under the name Fresh Basil's Trattoria.

15. Upon information and belief, Defendant Chris Katos is an individual engaged in business in New York City and is sued individually and in his capacity as owner, officer and/or agent of the Defendant corporation.

**STATEMENT OF FACTS**

*Plaintiffs' Working Conditions*

16. All Plaintiffs are current or former delivery boys of Defendants. Their typical day starts at 9 a.m., at which time they prepare food for Defendants catering services until approximately 11 a.m. From approximately 11 a.m. to 3 p.m., Plaintiffs are responsible for

delivering all lunch orders. From 3 p.m. to about 6 p.m., Plaintiffs are required to clean the restaurant and kitchen areas, prepare food for the following day, and fold napkins. Plaintiffs' deliver all dinner orders from approximately 6 p.m. to 9 p.m.

17.     Plaintiffs were regularly asked to stay anywhere from 30 to 45 minutes past the end of their shifts without additional pay.

18.     All Plaintiffs receive and keep cash tips collected from their lunch and dinner deliveries. However, when Fresh Basil customers order using the online Seamless Web service, Defendants regularly take and keep a portion of the designated tip, which Plaintiffs' earned.

19.     Although Plaintiffs were supposed to receive a daily lunch break from 3:30 p.m. to 4 p.m., they typically only received about 15 minutes to quickly eat their food.

*Defendants' Employment and Compensation Practices*

20.     Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

21.     Defendants willfully disregard and purposefully evade recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

22.     On a specific occasion, Plaintiff Romano asked his manager (known only as "Julio") for a raise because he was not being paid proper minimum and overtime wages. Plaintiff Romano was told that if he wanted more money, he should find another job.

23. Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week. At no time did Plaintiffs receive a W-2 or payment slip.

24. Upon information and belief, at all times relevant, Defendant Katos was responsible for the payroll and tip allocations at Defendant Fresh Basil.

25. On numerous occasions, Plaintiffs received neither the 30 minute noonday break period for employees who work shifts of more than 6 hours that extend over the noonday meal period, nor an additional 20 minutes between 5 p.m. and 7 p.m. when employed on a shift starting before 11 a.m. and continuing after 7 p.m.

*Defendants' Organizational Structure*

26. Upon information and belief, Defendant Katos is the owner and/or executive director of the Defendant corporation d/b/a Fresh Basil's Trattoria.

27. At all relevant times, Defendant Katos employed and/or jointly employed the Plaintiffs.

28. The gross annual volume of sales made or business done by Defendant Fresh Basil, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## COLLECTIVE-WIDE ALLEGATIONS

30. Plaintiffs have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by *inter alia*, willfully denying them earned tips.

31. Plaintiffs were employees who, during their employment at Defendant Fresh Basil, fell into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips and were required by Defendants to participate in a tip-pooling scheme. 29 U.S.C. § 203(t).

32. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a. depriving delivery boys of tips earned during the course of employment;

   b. improperly taking a "tip credit" against delivery boy wages; and

   c. keeping a portion of the tips earned by its delivery boys.

33. Defendants unlawfully misappropriated a portion of charges purported to be gratuity, received by Plaintiffs and other delivery boys in violation of New York Labor Law § 196-d (2007). Customers ordering food from Defendant Fresh Basil through the online Seamless Web system are able to indicate the amount of tip they want to give when placing their order. Defendant Katos unlawfully misappropriated a portion of this tip before distributing the money to Plaintiffs. Customers using Seamless Web clearly understand that they are voluntarily giving a "tip", not a "service charge" because the ordering page states "select tip amount."

34. Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

35. At no time did Defendants inform Plaintiffs that it had reduced their hourly wage by a tip allowance.

36. Defendants - who at all relevant times held an ownership interest in the business, had the power to hire and fire employees, supervise and control employee work schedules and conditions, determine rate and method of payment, and maintain employment records - took advantage of the "tip credit" against Plaintiffs wages while simultaneously improperly retaining a portion of Plaintiffs earned tips.

37. Defendants' improper application of the tip credit deprived Plaintiffs and other delivery boys employed at Fresh Basil of their statutory minimum wage under the FLSA and the NYLL.

38. Furthermore, Defendants failed to pay Plaintiffs the proper minimum and overtime wages for all hours spent performing non-delivery duties, such as cleaning, preparing food, and folding napkins.

*Collective Action Claims*

39. On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

40. The named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action:

  a. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

### FIRST CAUSE OF ACTION
### Unpaid Minimum Wage Under the FLSA

41. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

42. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

43. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

44. Defendant Fresh Basil constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

45. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

46. Defendants unlawfully availed themselves of the federal tipped minimum wage rate under the FLSA.

47. Defendants were required and failed to inform Plaintiffs of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m); and

48. Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Unpaid Minimum Wage Under New York Labor Law

49. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

50. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

51. Defendants knowingly failed to pay Plaintiffs the minimum wages to which they are entitled under the NYLL in violation of § 652(1).

52. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs minimum hourly wages in violation of § 663.

53. Defendants unlawfully availed themselves of the NYLL tipped minimum wage because Defendants did not permit Plaintiffs to retain the entirety of their tips.

54. Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Unlawful Deductions in Violation of the New York Labor Law

55. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

56. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

57. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

58. Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customer orders placed through Seamless Web.

59. Defendants' knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

Plaintiff has been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

60. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

61. Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

62. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### Overtime Wage Order Under the NYSLL

63. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

64. Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

65. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

66. Plaintiffs have been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### Spread of Hours Wage Order

67. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

68. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

69. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

70. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully request that this Court enter judgment against Defendants:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Declaring that Defendants violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

C. Declaring that Defendants violated the tip provisions of the FLSA and the NYLL;

D. Declaring that Defendants violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs, and that violation was willful;

E. Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor, as to Plaintiffs;

F. Awarding Plaintiffs damages for the amount of unpaid minimum and

overtime wages, as well as spread of hours pay under the FLSA and NYLL;

  G. Disgorging from the Defendants, and ordering that the Defendants, remit back the amount of the tip credit deducted from the wages of the Plaintiffs;

  H. Award Plaintiffs damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wage as actually paid the Plaintiffs for the hours they worked;

  I. Award Plaintiffs damages for unpaid wages and tips that were unlawfully misappropriated by Defendants;

  J. Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

  K. Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

  L. Awarding Plaintiffs and the punitive class prejudgment interest;

  M. Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees.

Dated: New York, New York
   October 1, 2007

            MICHAEL FAILLACE & ASSOCIATES, P.C.

            By: _____/s/_____
              Michael Faillace [MF-8436]
              110 East 59th Street, 32nd Floor
              New York, New York 10022
              (212) 317-1200